IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                           Case No. 1:23-MJ-01628 KWR

ALI SAKHAEI,

    Defendant.

**ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER**

THIS MATTER is before the Court on Defendant's Appeal of Detention Order **(Doc. 16)**. Defendant moves to revoke Judge Briones' detention order pursuant to 18 U.S.C. § 3145. Having conducted a *de novo* review of the record in this case, including the Pretrial Services' report, the transcript of the detention hearing, and the parties' briefing, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

BACKGROUND

On November 10, 2023, a criminal complaint was filed charging Defendant with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine. Defendant is a Canadian commercial truck driver, and was driving his truck when he was allegedly found with 72 kilos of cocaine during a traffic stop. The cocaine packages were covered with chili oil in an alleged effort to conceal it. Doc. 21 at 8.

On November 17, 2023, Judge Briones found probable cause to support the criminal complaint, held a detention hearing, and found that detention was warranted. A presumption of

detention arises in this case pursuant to 18 U.S.C. § 3142(e)(3), because there is probable cause to believe that defendant committed an offense for which the maximum term of imprisonment is 10 years or more is prescribed in the Controlled Substances Act. *See* Doc. 13 at 2.

    Judge Briones held a detention hearing. He found that the presumption of detention applied and Defendant did not introduce sufficient evidence to rebut the presumption. *Id.* at 2. He also found that the Government met its burden by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.* at 3. He noted that the weight of the evidence is strong, Defendant is subject to a lengthy period of incarceration if convicted, he lacks significant community or family ties to this district, and he has significant ties outside the United States.

    The pretrial services report recommended that the Defendant be released, and proposed conditions of release. However, the pretrial services report does not consider the weight of the evidence or the rebuttable presumption.

    Defendant has no known criminal history or substance abuse issues. Doc. 21 at 7; Doc. 15 at 3.

    Defendant has no apparent connection to New Mexico, and minimal connection to the United States. Defendant is a Canadian citizen, and his wife and children live in Canada. Defendant is in the United States on a temporary business visa (B-1) but has never resided in the United States. His parents live in Iran. His wife's brother lives in Maryland and offered to be his third-party custodian.

    Defendant now moves to revoke Judge Briones' detention order.

**LEGAL STANDARD**

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under 18 U.S.C. § 3145. The Court reviews the record *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

**DISCUSSION**

Defendant moves to revoke the detention order under 18 U.S.C. § 3145. Considering the record *de novo*, the Court denies the motion, finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no condition or combination of conditions can reasonably assure his appearance or the safety of the community.

I.    **Detention factors under § 3142(g)**.

    A.    **Rebuttable Presumption.**

The rebuttable presumption arises under 18 U.S.C. § 3142(e) because there is probable cause that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 21 U.S.C. § 841(b)(1)(A). Congress has imposed a rebuttable presumption that no combination of conditions of release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A), (B). Once the presumption is invoked, the burden of production shifts to the defendant. *United States v. Striklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1354-55.

Here, Defendant has not rebutted the presumption. He appears to offer his lack of criminal history, his charitable and community contributions, and his history of employment. Doc. 16 at 2. The Court finds that this evidence does not rebut the presumption in light of his total lack of connections to the community in New Mexico and minimal connections to the United States. Although he travels to the United States for work, he lives in Canada with his immediate family.

Even assuming this proffer had rebutted the presumption, the presumption remains a consideration when weighing the § 3142(g) factors. The Court finds that the presumption here weighs in favor of detention.

B.      **Nature and Circumstances of the Offenses Charged.**

The Court must consider "the nature and circumstances of the offense charged, including whether the offense … involves …a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).  Defendant is charged with possessing a significant amount (approximately 72.2 kilograms) of cocaine, a controlled substance.

On November 9, 2023, Defendant was stopped for traffic violations while driving a semi-truck with an attached trailer.  During the stop, Defendant's statements regarding his travel plans were allegedly inconsistent with his cargo logs.  Therefore, officers requested permission to search the truck.  Defendant consented to a search of the trailer only, but a drug detection dog alerted to narcotics in the truck's cab.  Officers found four duffel bags containing bundles of cocaine wrapped in black tape and covered in chili oil, in an apparent attempt to conceal the drugs. The Government asserts these alleged circumstances show an effort to deceive law enforcement and conceal the cocaine.

The charged offense for possession with intent to distribute cocaine comes with a statutory minimum term of 10 years' imprisonment, and a maximum term of life imprisonment. The minimum term of imprisonment may be less if a safety valve applies. Doc. 21 at 11.  As noted above, the charged offense creates a rebuttable presumption of detention, which the Court continues to consider in weighing the factors even if the presumption is rebutted. The Court finds that the minimum term and the maximum weigh heavily in favor of finding that Defendant is a flight risk.

Here, the amount of drugs, the seriousness of the crime charged, as well as the potential minimum and maximum term of imprisonment weigh in favor of finding that Defendant is a flight risk and danger to the community.  This factor weighs heavily in favor of detention.

C. **Weight of the Evidence.**

The weight of the evidence appears to be strong and weighs in favor of detention.

Defendant was found with approximately 72.2 kilograms of cocaine in the cab of his truck. All four duffel bags were located in the cab of the truck including one on his bed. Doc. 21 at 8. During the traffic stop, Defendant allegedly attempted to conceal the drugs, as explained above. The weight of the evidence appears to be strong. This factor weighs in favor of detention.

D. **Defendant's history and characteristics.**

The next factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

The Court finds that Defendant lacks significant ties to the community and to the United States. Moreover, he has significant ties to other countries. Defendant was born in Iran, and his parents live in Iran. Doc. 15 at 2. Defendant used to live in Iran, South Korea, and Austria, before settling in Canada. He has never lived in the United States, but has worked in the United States on a temporary B-1 visa as a truck driver. Doc. 15 at 2. He lives in Canada, is a citizen of Canada, and his immediate family, including his wife and children, appear to live in Canada. Although his wife's brother lives in Maryland, this tie does not appear to be significant in light of his much greater ties to other countries.

Defendant presents evidence in letters of support which he states shows that he has no criminal history, has a history of legitimate employment, and has strong community ties. His brother-in-law, who lives in Maryland, wrote that he is reliable, honest, loyal, hardworking, and a

supportive person. Doc. 16-1 at 1. Other letters have stated the same, and stated that he helps those in need. Several individuals wrote character references. Several letters were from refugees he sponsored and helped settle in Canada. The letters generally do not demonstrate Defendant has a significant connection to New Mexico or the United States.

Defendant has strong community ties in Canada, but the proposed conditions of release restrict him to Bernalillo County, New Mexico, and require him to live in La Pasada Halfway house in Albuquerque, New Mexico. *See* 18 U.S.C. § 3142(g)(3)(A) (court must consider length of residence in community and community ties). He has no ties to New Mexico, and minimal ties to the United States. He has strong ties to foreign countries, including Canada, where he lives.

Defendant has no apparent criminal history. Defendant asserts he has legal employment history as a truck driver since 2015. However, Defendant is alleged to have possessed a large quantity of drugs while driving a commercial truck, which is his asserted legal employment history. Before being a truck driver, Defendant worked as an engineer.

Defendant suggests that the court hold another hearing so that he can present testimony from family members regarding his character for law abidingness, charitable works, and history of legitimate employment. His brother-in-law, who lives in Maryland, would testify as to his willingness to serve as a third-party custodian. A district court considering whether to revoke a detention order under 18 U.S.C. § 3145 is not required to hold a second hearing. The Court has considered and accepted the proffer and character letters, and finds another hearing unnecessary. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (decision whether to hold another hearing under § 3145 is discretionary).

In sum, Defendant has no community ties to this district, and minimal ties to the United States. He has strong ties to other countries. Defendant's history and characteristics weigh in favor of detention and finding that he is a flight risk by a preponderance of the evidence.

### E. <u>Danger to Community</u>.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As the parties acknowledge, a rebuttable presumption of dangerousness arises here.

Here, the allegations in this case suggest that Defendant is danger to the community. Defendant was found with a large amount of cocaine. *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) ("the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community."). A court may consider the large amount of drugs in determining dangerousness. *See, e.g., United States v. Villapudua-Quintero*, 308 F. App'x 272, 273 (10th Cir. 2009) (There was evidence of dangerousness and flight risk where (1) crime involved large amount of drugs, (2) family lived out of country, and (3) there was a presumption of detention). This factor weighs in favor of detention.

### F. <u>Weighing the factors</u>.

Weighing the factors above, including the presumption of detention, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger to the community.

## II. Defendant's proposed conditions of release will not reasonably assure the safety of the community or his appearance as required.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).  Generally, a court evaluates the conditions proposed by the parties.  *See, e.g. United States v. Mobley*, 720 F. App'x 441, 444 (10th Cir. 2017) (finding that district court failed to adequately evaluate a defendant's proposed release conditions); *see also United States v. Rudolph*, 582 F. Supp. 3d 804, 815 (D. Colo. 2022) (considering defendant's proposed conditions of release).  But the Government bears the burden of showing that no conditions of release will reasonably assure the appearance of the defendant or the safety of the community.  *United States v. Gerkin*, 570 F. App'x 819, 821 (10th Cir. 2014).

As explained above in its analysis of the § 3142(g) factors, the Court finds that Defendant is a serious flight risk and a danger to the community. None of the proposed conditions before the Court will reasonably assure his appearance or the safety of the community.

The pretrial services report recommended certain conditions of release, which Defendant asserts can reasonably assure his appearance and the safety of the community.  *See* Doc. 15 at 4. These conditions include placement at La Pasada Halfway house, and being supervised by Pretrial Services. Defendant also suggested electronic location monitoring.

Defendant initially requested release to the third-party custody of his brother in law, who lives in Maryland.  The Court finds this condition of release to be wholly inadequate in light of the serious flight risk and danger to the community here.   Release to live with his brother would do nothing to prevent his flight.

9

Defendant also suggests release to La Pasada Halfway house. The Court finds this condition, along with electronic location monitoring and the general supervision of pretrial services as recommended in the pretrial services report, to be inadequate to reasonably assure the safety of the community and his appearance as required, for the reasons explained in its analysis of the § 3142(g) factors. For example, Defendant has no apparent connection to the community and minimal connections to the United States. Even if rebutted, the court may continue to consider the presumption of detention. Defendant is charged with a serious crime. Defendant allegedly possessed and concealed a large amount of cocaine, and Defendant faces a potential minimum ten-year term of imprisonment (assuming no safety valve applies), up to a maximum life imprisonment. Defendant faces a lower sentence if the safety valve applies here. Doc. 21 at 11. Given these facts, location monitoring, restriction to a halfway house and other proposed conditions are unlikely to reasonably assure the safety of the community or his appearance as required.

Given the rebuttable presumption, and the § 3142(g) factors, the Court does not believe that any conditions will reasonably assure his appearance as required or the safety of the community.

## **CONCLUSION**

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence and that no conditions of release will reasonably assure the safety of the community. Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that Defendant's Appeal of Detention Order **(Doc. 16)**. is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE